**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHARLES D.J. BARNES,

       Plaintiff,

vs.                            No. CV 20-00935 WJ/JHR

CHARLES D.J. BARNES, POD PORTER,
NEW MEXICO DISTRICT COURT,
NENMDF/GEO, ECD6,
NEW MEXICO DEPARTMENT OF CORRECTIONS,
U.S. DISTRICT OF NEW MEXICO/NEW MEXICO
COURT, 5TH JUDICIAL DISTRICT OF EDDY COUNTY,
EDDY COUNTY DISTRICT COURT,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on the Amended Complaint for Violation of Civil

Rights filed by Plaintiff, Charles D.J. Barnes on October 13, 2020.  (Doc. 5).  The Court will

dismiss the Amended Complaint for failure to state a claim for relief.

**I.  Factual and Procedural Background**

    Plaintiff Charles D.J. Barnes is a prisoner in the custody of the New Mexico Department

of Corrections and is incarcerated at the Northeastern New Mexico Correctional Facility.  (Doc. 5

at 2).  Plaintiff Barnes commenced this proceeding on September 15, 2020, when Plaintiff filed a

handwritten "appeal" against the New Mexico Department of Corrections, accusing the

Department of fraud and embezzlement.  (Doc. 1).  On September 15, 2020, the Court entered an

Order to Cure Deficiencies, advising Plaintiff that his filing was not in proper form to assert

prisoner civil rights claims and ordering him to file a proper complaint and pay the filing fee or

submit an application to proceed *in forma pauperis* within 30 days.  (Doc. 2).

On October 13, 2020, Plaintiff Barnes filed an amended Complaint for Violation of Civil Rights (Doc. 5) ("Amended Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6).  The Court granted Plaintiff leave to proceed *in forma pauperis* on February 8, 2021.  (Doc. 13).  Plaintiff then appealed the § 1915 Order to the United States Court of Appeals for the Tenth Circuit on February 16, 2021.  (Doc. 14).  The Tenth Circuit dismissed his appeal for lack of prosecution on March 25, 2021.  (Doc. 22).

Plaintiff's Amended Complaint alleges:

> "Inmate being falsely entrapped illegally after habeas corpus informal dismissal.  After perjury/false holds against 11 U.S.C. § 14 and 11 U.S.C. § 32."

(Doc. 5 at 4).  Barnes names as Defendants: (1) himself, as Pod Porter; (2) New Mexico District Court, NENMDF/GEO, ECD6, New Mexico Department of Corrections; (3) U.S. District of New Mexico/New Mexico Court; and (4) 5th Judicial District of Eddy County, Eddy County District Court.  (Doc. 5 at 2-3).  As factual support for his Amended Complaint, Plaintiff states "[f]acts are being in case info."  (Doc. 5 at 5).  He specifies that his injuries are "Human Rights, civil rights, etc. 42 U.S.C. § 1983" and asks the Court to "provide request relief as well as release."  (Doc. 5 at 5).

## II.  Standards for Failure to State a Claim

Plaintiff Barnes is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,*

880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the

pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III.   <u>Analysis of Plaintiff Barnes' Claims</u>

Plaintiff Barnes seeks relief under 42 U.S.C. § 1983.   (Doc. 5). Section 1983 is the

exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v.*

*McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section

1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress

for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129

(10th Cir. 2006).  Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom,
> or usage of any State . . .subjects or causes to be subjected, any citizen of the
> United States . . . to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in
> an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts

by government officials acting under color of law that result in a deprivation of rights secured by

the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There

must be a connection between official conduct and violation of a constitutional right. Conduct that

is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v.*

*Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a

theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff

must plead that each government official, through the official's own individual actions, has

violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some

personal involvement by an identified official in the alleged constitutional violation to succeed

under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

The Court concludes that Plaintiff's Amended Complaint fails to state any claim for relief under § 1983. First, the only individual identified in Plaintiff's Complaint is himself. He does not identify any individual officials as Defendants, and he does not specify any individualized conduct or explain how individualized official conduct resulted in violation of his constitutional rights. *Fogarty v. Gallegos,* 523 F.3d at 1162; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. His statement that "[f]acts are being in case info" (Doc. 5 at 5) wholly fails to state any claim for relief against any governmental official under Section 1983. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Plaintiff appears to attempt to name various governmental entities as Defendants. (Doc. 5 at 2-3). However, the Complaint does not state a claim for relief against any governmental entity. First, the New Mexico Department of Corrections and the 5th Judicial District Eddy County District Court are not "persons" for purposes of § 1983. The New Mexico Corrections Department and the 5th Judicial District Court are state agencies. As such, claims against them are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*,

414 F. App'x 103, 105 (10th Cir. 2011) (unpublished).  Therefore, the claims against the New

Mexico Corrections Department and the 5th Judicial District Court do not afford any basis for relief

in this case. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Similarly, NENMDF and ECD6 are a correctional detention facility. As a general rule, a

detention facility is not a person or legally created entity capable of being sued. *White v. Utah*, 5

Fed. Appx. 852, 853 (10th Cir. 2001) (unpublished). A detention center is not a suable entity,

because it is not a "person" under 42 U.S.C. § 1983. *Apodaca v. New Mexico Adult Prob. and

Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014); *Kristich v. Metropolitan Detention Ctr.*, 2016

WL 5387675 at *2 (D.N.M. 2016); *Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 272 F.

Supp. 3d 1256, 1264–65 (D.N.M. 2017).  The Amended Complaint does not state a claim for relief

against NENMDF or EPC6.

Barnes also appears to be attempting to hold a private corporation, GEO, vicariously liable

under 42 U.S.C. § 1983. Where a corporate entity is performing the actions typically performed

by a state or municipality, like operating a prison, that corporate entity can be sued under § 1983.

*Richardson v. McKnight*, 521 U.S. 399, 413 (1997) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457

U.S. 922 (1982)) (leaving the determination of whether the employees of a private corporation

acted under color of state law in violation of § 1983 to the district court); *Smith v. Cochran*, 339

F.3d 1205, 1215-16 (10th Cir. 2003) (citations omitted) ("[P]ersons to whom the state delegates

its penological functions, which include the custody and supervision of prisoners, can be held

liable for violations of the Eighth Amendment.").

However, to succeed in a § 1983 action against a corporate entity, the plaintiff must prove

that a corporate employee or agent committed a constitutional violation and that the violation was

a direct result of some policy or custom of the corporation. *Myers v. Oklahoma Cty Bd. of Cty.*

*Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). In this case, the Amended Complaint is factually devoid of any allegation that an employee individually engaged in conduct that violated a constitutional right. Further, nowhere in the Amended Complaint does Plaintiff Barnes contend that any policy or custom of GEO was a direct cause or a moving force behind any violation of Plaintiff's civil rights. *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d at 1316. The Complaint does not state a claim for § 1983 relief against GEO. *Monell*, 436 U.S. at 690-695.

Last, Plaintiff identifies "New Mexico District Court" and "U.S. District of New Mexico/New Mexico Court" as Defendants.  (Doc. 5 at 2-3).  It is unclear whether Plaintiff is attempting to assert a claim against this federal Court.   However, if he is trying to assert claims against the Court, the Complaint also fails to state any claim for relief pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* creates a cause of action against federal officials similar to the cause of action § 1983 creates against state officials. However, *Bivens* only applies to individual federal officials, and *Bivens* claims against the United States and its agencies are barred by sovereign immunity. *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994); *Greenlee v. U.S. Postal Service,* 247 Fed. App'x 953, 955 (10th Cir. 2007). Plaintiff's Complaint does not identify any individual federal officers and does not make any allegations of conduct by any individual or the Court.  Any claims against "New Mexico District Court" or "U.S. District of New Mexico/New Mexico Court" fail to state a *Bivens* claim for relief.

## IV.  <u>The Court Concludes Amendment Would Be Futile</u>

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

This is not a case where Plaintiff has made allegations that might state a claim for relief if Plaintiff remedied defects in his pleading.  Instead, the Amended Complaint is devoid of any allegations that could, in any way, be construed to state a civil rights claim for relief.  In alleging that "Inmate being falsely entrapped illegally after habeas corpus informal dismissal" Plaintiff may be trying to raise the Writ of Habeas Corpus Ad Prosequendum attached to his later motions (Doc. 23, 28).  However, that Writ would never entitle Plaintiff to relief in this proceeding and any further amendment of the Amended Complaint would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. Therefore, the Court will dismiss this case without leave to amend.

## V.  <u>Pending Motions</u>

Also pending before the Court are Plaintiff's Motion of Preemptory Challenge and Reasons for Attempted Fraud Allegations (Doc. 8), Motion Notice of Leave-Release-Custody (appearance) to Authorities (Doc. 23), Motion to Re-Order Explicate Order of Leave (Doc. 28), and Mandamus Direct Appeal/Administrative Appeal (Doc. 29).  The Court will deny Plaintiff's pending motions.

**A.  Plaintiff's Motion of Preemptory Challenge (Doc. 8):**  It is unclear what relief Plaintiff is seeking by his Motion of Preemptory Challenge.  To the extent he may be seeking to

disqualify or excuse the undersigned Judge, the Motion is without merit.  Disqualification of a

judge for bias or prejudice proceeds under 28 U.S.C. § 144.  Section 144 provides:

> "Whenever a party to any proceeding in a district court makes a
> timely and sufficient affidavit that the judge before whom the matter is
> pending has a personal bias or prejudice either against him or in favor
> of any adverse party, such judge shall proceed no further therein, such
> judge shall proceed no further therein. . ."

Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to

demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial.

*United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir. 1992). The affidavit of personal bias and

prejudice need be timely and sufficient. 28 U.S.C. § 144. There must be a reasonable factual basis

to question the judge's impartiality. *United States v. Cooley,* 1 F.3d at 993. The scope of inquiry is

limited to outward manifestations and reasonable inferences drawn therefrom. *Id.*

Section 144 does not require recusal based only on assumptions about a judge's beliefs that

are not substantiated by the facts of record. *See Nichols,* 71 F.3d at 351; *Bryce v. Episcopal Church,*

289 F.3d 648, 659–60 (10th Cir. 2002). *In re McCarthey,* 368 F.3d 1266, 1269–70 (10th Cir. 2004).

A movant's factual allegations do not have to be taken as true.  Further, under § 144 there is as

much obligation for a judge not to recuse when there is no occasion to do so as there is to recuse

when there is a reasonable basis to do so.  A judge should not recuse based on unsupported,

irrational, or highly tenuous speculation and accusations. *American Ready Mix,* 14 F.3d at 1501

(citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987)(per

curiam)); *accord Switzer,* 198 F.3d at 1257; *United States v. Greenspan,* 26 F.3d at 1005; *Cooley,*

1 F.3d at 993–94.

Plaintiff Barnes makes very vague and generalized allegations.  (Doc. 8).  However,

Plaintiff has not filed any § 144 affidavit, or even made specific factual allegations, that would

support disqualification or recusal of the Judge in this case.  Nor is the Court aware of any facts or circumstances that would warrant disqualification or recusal.  There is no reasonable factual basis to question the Judge's impartiality. *United States v. Cooley,* 1 F.3d at 993. The Judge will not recuse himself based on unsupported, irrational, and highly tenuous speculation or accusations. *American Ready Mix,* 14 F.3d at 1501 (citations omitted) (quoting *Hinman v. Rogers,* 831 F.2d 937, 938–39 (10th Cir. 1987)(per curiam)); *accord Switzer,* 198 F.3d at 1257; *United States v. Greenspan,* 26 F.3d at 1005; *Cooley,* 1 F.3d at 993–94.   The Court denies the Motion of Preemptory Challenge.

**B.  Motion Notice of Leave-Release-Custody (appearance) to Authorities (Doc. 23):** Plaintiff seeks release from custody based on a December 10, 2012 Writ of Habeas Corpus Ad Prosequendum.  The Writ, directed to state authorities, places Barnes in the Custody of the United States Marshal Service until completion of a federal criminal case, No. CR 05-00188.   This criminal proceeding has long been completed, and the Writ does not afford any basis for release of Barnes from his current state custody.  The Motion Notice of Leave-Release-Custody will be denied.

**C.  Motion to Re-Order Explicate Order of Leave (Doc. 28).**  In his Motion to Re-Order, Plaintiff Barnes again seeks release from custody based on the Writ of Habeas Corpus Ad Prosequendum, claiming that he is entitled to release "do to facility inaction after months."  The Court will deny the Motion to Re-Order Explicate Order of Leave (Doc. 28) for the same reasons as it denied his Motion Notice of Leave-Release-Custody (Doc. 23).

**D.  Mandamus Direct Appeal/Administrative Appeal (Doc. 29):**  The Mandamus Direct Appeal/Administrative Appeal filed by Plaintiff Barnes appears to ask this Court to review a decision of the 5th Judicial District Court, Eddy County, New Mexico, denying Plaintiff request

for discovery in a habeas corpus proceeding.  (Doc. 29 at 1).  The Court notes that Plaintiff apparently filed the same request with the United States Court of Appeals for the Tenth Circuit, which denied the request.  (Doc. 30 at 2).  This Court will deny the Mandamus Direct Appeal/Administrative Appeal as moot in light of the Court's dismissal of this proceeding.

**IT IS ORDERED:**

**(1)**   Plaintiff's Motion of Preemptory Challenge and Reasons for Attempted Fraud Allegations (Doc. 8), Motion Notice of Leave-Release-Custody (appearance) to Authorities (Doc. 23), Motion to Re-Order Explicate Order of Leave (Doc. 28), and Mandamus Direct Appeal/Administrative Appeal (Doc. 29) are **DENIED**; and

**(2)**  the Amended Complaint for Violation of Civil Rights filed by Plaintiff, Charles D.J. Barnes on October 13, 2020 (Doc. 5) is **DISMISSED with prejudice** for failure to state any claim for relief.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE